O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 08-1846 DOC (MLGx)					Date: September 4, 2008

Title: MASTER REPLICAS, INC. V. LEVITATION ARTS, INC. ETC.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                              Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                                 Not Present  
  Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MASTER REPLICA'S REQUEST FOR JUDICIAL NOTICE OF MASTER REPLICA'S FIRST AMENDED COMPLAINT TOGETHER WITH THE JUNE 28, 2006 LICENSE AGREEMENT BETWEEN MASTER REPLICA AND LEVITATIONS ARTS

On August 22, 2008 Plaintiff Master Replicas, Inc. ("MR") filed a Request for Judicial Notice, asking that judicial notice be taken of the following two documents: 1) MR's First Amended Complaint ("the Amended Complaint") and 2) the June 28, 2006 License Agreement between MR and Levitation Arts, Inc., signed by Michael Cookson on behalf of MR and by Michael Sherlock and Karen Sherlock on behalf of Levitation Arts, Inc. ("the License Agreement"). This Motion was not opposed by Appellants.

In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of

which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original).

The First Amended Complaint in this case is a matter of public record. The License Agreement, which was attached to Plaintiff's amended complaint when it was filed, is also a matter of public record. Accordingly, the Court TAKES judicial notice of the Amended Complaint and the License Agreement.

The Clerk shall serve this minute order on all parties to the action.