Bruce Isaacs, Esq. SBN 100926
*bisaacs@wymanisaacs.com*
David Boren, Esq. SBN 186316
*dboren@wymanisaacs.com*
WYMAN & ISAACS LLP
5757 Wilshire Blvd., Suite 475
Los Angeles, CA  90036
Tele:  (323) 648-4141
Fax:  (323) 648-4133

Attorneys for Counter-Defendant
MICHAEL COOKSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASTER REPLICAS, INC., a California corporation, now known as Corgi International Ltd.,<br><br>              Plaintiff,<br><br>     vs.<br><br>LEVITATION ARTS, INC., a Kentucky corporation; KAREN A. SHERLOCK, an individual; MICHAEL F. SHERLOCK, an individual; and Does 1-10, Inclusive,<br><br>              Defendants.<br>_____<br><br>AND RELATED CROSS-ACTION<br>_____ | Case No.:  CV 08-1846 DOC (MLGx)<br>(Assigned to the Hon. David O. Carter, Courtroom "9D")<br><br>**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The parties hereby submit their joint [Proposed] Findings of Facts as follows:

I. **FINDINGS OF FACT**

1. Master Replicas, Inc. ("Master Replicas") is a California or Delaware corporation and Master Replicas is the Plaintiff in this suit. Michael Cookson ("Cookson") was the Chief Executive Officer of Master Replicas as of June 28, 2009 and Cookson is a Counter-Defendant in this suit.

2. Levitation Arts, Inc. ("Levitation Arts") is a Texas corporation and the Defendant and Counter-Claimant in this suit. Michael and Karen Sherlock (the "Sherlocks") are citizens of Texas and the Defendants and Counter-Claimants in this suit.

3. On June 28, 2006, Master Replicas and Levitation Arts entered into a Technology Licensing Agreement ("TLA").

4. Pursuant to Article III of the TLA, payment of $60,000 was due on June 28, 2009 as an advance royalty for the fourth year of the TLA. The payment was not made on or before that date as required in Article III nor on July 28, 2009 within the thirty (30) day cure period, as required in Paragraph 13.2 of the TLA.

5. Prior to and during trial, Levitation Arts and the Sherlocks asserted an unjust enrichment claim against Cookson in his individual capacity which, Levitation Arts and the Sherlocks contended, was inextricably intertwined with their alleged fraud and negligent misrepresentation claims against Cookson, and the Court permitted Levitation Arts and the Sherlocks to present evidence at the trial on that basis.

## II. CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over the parties and of the subject matter of this suit.

2. The TLA has been terminated as of July 28, 2009.

Dated: August 27, 2009

*David O. Carter*
_____
THE HONORABLE DAVID O. CARTER
JUDGE OF THE UNITED STATES DISTRICT COURT

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of the law firm of WYMAN & ISAACS LLP, and that on the date shown below, I caused service of a true and correct copy of the attached:

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

to be completed by:

_____ personally delivering

_____ sending via Federal Express or other overnight delivery service

__X__ depositing for mailing in the U.S. mail with sufficient postage affixed thereto

_____ delivery via facsimile machine to fax no. _____

__X__ electronic filing, and thereby delivery via e-mail to:

Paul Adams, Esq., SBN 42146
THE ADAMS LAW FIRM
901 Rio Grande Blvd., NW
Suite H262
Albuquerque, New Mexico  87104
E-Mail: adamspatentlaw@gmail.com

Paul Adams, Esq.
THE ADAMS LAW FIRM
550 W. C Street, Suite 2000
San Diego, CA  92101

Dated this 25th day of August, 2009

/s/Lina Pearmain
Lina Pearmain